JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00577-JHN -AGRx | Date | February 24, 2011 |
|---|---|---|---|
| Title | Joanne Stathoulis et al v. City of Downey et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND REMANDING STATE LAW CAUSES OF ACTION TO LOS ANGELES COUNTY SUPERIOR COURT    (In Chambers)

## I.      Introduction

On January 26, 2011, Defendants City of Downey ("the City"), Gilbert A. Livas, and David Blumenthal (collectively "Defendants") filed a Motion to Dismiss ("Motion"; docket no. 7) Plaintiffs' Second Amended Complaint ("SAC").  On February 14, 2011, Plaintiffs filed an Opposition.[1] (Docket no.9.) On February 14, 2011, Defendants filed a Reply to Non-Opposition (docket no. 10), and on February 16, 2011, Defendants filed a Reply to Untimely Opposition (docket no.11).  The Court has read and considered the briefs and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. **Accordingly, the hearing set for February 28, 2011, is removed from the Court's calendar.**

Among other arguments, Defendants move to dismiss Plaintiffs' federal and civil rights claims brought under section 1983 because (1) Plaintiffs' civil rights claims are unripe, and (2) Plaintiffs have not alleged any factual basis for a violation of their free speech and freedom of assembly rights.  (Motion at 6–9.)  For the reasons discussed herein, the Court GRANTS Defendants' Motion to Dismiss.

## II.     Factual Background

The following facts are taken from Plaintiffs' SAC and are deemed true for purposes of this motion.

---

[1] Plaintiffs failed to file a timely opposition.  Under Local Rule 7-9, Plaintiffs were required to file an opposition no later than twenty-one (21) days before the date set for hearing. Failure to do so may be deemed consent to the granting of the motion.  *See* Local Rule 7-12.  Plaintiffs' opposition should have been filed no later than February 7, 2011.  Even though the Court may grant this motion based on the untimely filing, the Court will discuss the merits of the motion as well.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00577-JHN -AGRx | Date | February 24, 2011 |
|---|---|---|---|
| Title | Joanne Stathoulis et al v. City of Downey et al | | |

Plaintiff Joanne Stathoulis ("Joanne") is the owner of Plaintiff Frisco's Downey Inc. ("Frisco's"), a corporation that owned a 1950's-themed restaurant, Frisco's Carhop Drive In, ("Restaurant") located in the City of Downey, California. In addition to serving food, the restaurant regularly hosted events featuring live music and entertainment ("weekly events"). These events took place in the parking area of the establishment as well as inside. Among the patrons of these events were car and motorcycle clubs. The Restaurant operated in this manner for approximately 25 years, until the fall of 2008. Plaintiffs allege that the weekly events provided a source of revenue that was necessary to keep the Restaurant in business.

Plaintiff Charles Gianfisco ("Gianfisco") is Joanne's son. By a written lease dated April 1, 2008, Joanne and her husband leased the Restaurant and its operation to Gianfisco and his brother George Stathoulis.[2] The initial term of the lease was through April 30, 2013.

Defendants Livas and Blumenthal are the assistant city manager and senior city planner, respectively, of Defendant City of Downey. In August 2008, the City contributed nine hundred thousand dollars to remodel property to house a Bob's Big Boy franchise ("Big Boy"). The City acted pursuant to an agreement with Defendant JKBBD, the franchisee of the Big Boy restaurant, and its president Defendant Jim Louder. Plaintiffs allege that the Big Boy restaurant, being a 1950's-themed diner as well, would operate in direct competition with their business.

Soon after the City contributed money to develop the competing restaurant, on August 29, 2008, Plaintiffs received a letter from a City attorney. The letter stated, "we have been advised that your business establishment . . . is hosting weekly events and activities without first procuring the required City approvals, permits and/or licenses . . . . You are requested to attend an informal office conference . . . in an attempt to resolve this matter prior to commencement of legal proceedings." Plaintiffs allege that this was the first challenge the City had made to their events, despite their operation for over 25 years. Additionally, Plaintiffs allege that Frisco's had obtained all required licenses and permits to operate.

On September 4, 2008, Plaintiffs met with city officials. At the meeting, Plaintiffs maintained that Frisco's had hosted weekly events in the same manner for over 25 years without incident. Nevertheless, the Complaint alleges the City denied Frisco's the right to host the weekly events following the meeting. It is not clear from the complaint how this denial was expressed, or on what basis the City relied to deny this right.

On October 21, 2008, Frisco's "made further inquiry with Defendant Blumenthal and the City's Planning Division concerning a zoning variance." The Complaint states "[t]his request was denied." It is not entirely clear whether the pleading alleges the denial of a variance formally applied for, an informal statement that a variance would not be granted, or denial of a request to discuss a potential variance.

---

[2] The SAC states in a footnote that Gianfisco is the same person identified in the original complaint as Charles Stathoulis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00577-JHN -AGRx | Date | February 24, 2011 |
|---|---|---|---|
| Title | Joanne Stathoulis et al v. City of Downey et al | | |

Joanne also initiated conversations with Livas and Blumenthal following the denial, seeking an explanation for why the legality of the events had been challenged after so many years of operation. In response, Blumenthal allegedly stated he was acting at the direction of Livas, whereas Livas, in a separate conversation, said he "did not know anything about it."

The Complaint alleges that following the meeting with the City, police officers "imposed a menacing police presence" near the Restaurant, harassing patrons of the restaurant. Further, the officers disrupted a filming at the Restaurant premises conducted by the MTV network. Plaintiffs allege that the restrictions imposed by the city and the police enforcement foreclosed them from hosting events as they had in the past, and as a result, the Restaurant became unprofitable. Frisco's ceased operation of the restaurant soon after, in November 2008, and in February 2009, Joanne sold the property.

### III. Procedural History

The instant lawsuit was originally filed in California Superior Court on September 29, 2009, and removed to this Court on May 21, 2010. (*See Gianfisco v. City of Downey et al*, Case No. 2:10-cv-03860-JHN-AGRx.) Although Charles Stathoulis, George Stathoulis, Joanne Stathoulis, Takis Stathoulis and Frisco's were all listed as Plaintiffs in the original complaint, Plaintiffs filed a First Amended Complaint ("FAC"), listing Gianfisco as the sole Plaintiff. In the FAC, Gianfisco alleged the following causes of action: 1) Violation of Civil Rights Pursuant to 42 U.S.C. § § 1982 & 1983 *et. seq.* against the City, Livas & Blumenthal; 2) Inverse Condemnation against the City; 3) Conspiracy to Violate Civil Rights against the City, Livas, Blumenthal and Big Boy; and 4) Intentional Infliction of Emotional Distress against Big Boy. On July 15, 2010, this Court dismissed Gianfisco's civil rights causes of action with prejudice for lack of standing and remanded the remaining state law causes of action to the Los Angeles Superior Court. (*See* Case No. 2:10-cv-03860-JHN-AGRx, docket no. 12.)[3]

The operative SAC was filed on December 20, 2010, and Joanne and Frisco's were added as Plaintiffs in

---

[3] On August 30, 2010, Joanne and Frisco's filed a nearly identical complaint in state court, which Defendants subsequently removed to federal court. (*See Stathoulis et al. v. City of Downey.*, Case No. 2:10-cv-07547-RGK-AGRx.) In addition to the claims alleged by Gianfisco in the First Action, Joanne and Frisco's also alleged: 1) intentional interference with a prospective business advantage in violation of California common law against the City, Louder, and JKBBD, Inc., and 2) negligent infliction of emotional distress against the City. On December 21, 2010, the Honorable R. Gary Klausner dismissed without prejudice the claims under § 1983 by Joanne and Frisco's and, "to the extent that the Complaint pled a cause of action for inverse condemnation under the Just Compensation Clause," for lack of ripeness. (*See Stathoulis et al. v. City of Downey.*, Case No. 2:10-cv-07547-RGK-AGRx, Dec. 21, 2010 Order Re Defendants City of Downey, Blumenthal, and Livas Motion to Dismiss or in the Alternative Motion for More Definite Statement (docket no. 17).) Judge Klausner declined to exercise jurisdiction over their state law claims and dismissed those claims without prejudice as well. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00577-JHN -AGRx | Date | February 24, 2011 |
|---|---|---|---|
| Title | Joanne Stathoulis et al v. City of Downey et al | | |

addition to Gianfisco. On January 19, 2011, Defendants once again removed this action to federal court based on federal question jurisdiction. (Docket no. 1.)

### IV.     Legal Standard

Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the Court generally cannot consider material outside the complaint, such as facts presented in briefs, affidavits, or discovery materials, unless such material is alleged in the complaint or judicially noticed. *McCalip v. De Legarret*, No. CV-08-2008, 2008 U.S. Dist. LEXIS 87870, at *4 (C.D. Cal. Aug. 18, 2008); *see Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). The Court must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 1950.

### V.     Discussion

####      A.     Plaintiffs Joanne and Frisco's Have Failed to Establish Ripeness for the Due Process and Equal Protection Claims

Plaintiffs Joanne and Frisco's allege violations of civil rights pursuant to 42 U.S.C. §§ 1982 & 1983 *et. seq.* In particular, they claim that Defendants violated their procedural due process rights and equal protection rights guaranteed under the Fifth and Fourteenth Amendments. Plaintiffs allege that "without notice or hearing . . . and without any lawful or rational basis in violation of equal protection standards . . . [Defendants] revoked Plaintiffs' entertainment permit . . . and had the Downey Police . . . threaten Plaintiffs and their patrons with fines and arrest if they participated in the entertainment activities which were permitted under the entertainment permit." (SAC ¶ 25.)

The Court finds that Plaintiffs have failed to demonstrate that their procedural due process or equal protection claims under §1983 are ripe. Judge Klausner has previously ruled on this issue in a related case brought by the same two Plaintiffs. (*See Stathoulis et al. v. City of Downey.*, Case No. 2:10-cv-07547-RGK-AGRx, Dec. 21, 2010 Order Re Defendants City of Downey, Blumenthal, and Livas Motion to Dismiss or in the Alternative Motion for More Definite Statement (docket no. 17 at 3–5)). In that case, Joanne and Frisco's brought a nearly identical lawsuit, alleging the City committed a "taking of property under the 5th Amendment" by "wrongfully den[ying] them the right to host outdoor weekly events on their property." (*Id.* at 3.) In ruling on City of Downey's motion to dismiss in that case, Judge Klausner explained that "[c]laims that challenge the constitutionality of public land use regulation are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00577-JHN -AGRx | Date | February 24, 2011 |
|---|---|---|---|
| Title | Joanne Stathoulis et al v. City of Downey et al | | |

subject to the same ripeness inquiry, whether alleging violation of procedural due process, substantive due process, or equal protection." (*Id.* citing *St. Clair v. City of Chico*, 880 F. 2d 199, 202 (9th Cir. 1989). The Court continued, "[s]uch a claim does not become ripe until the relevant public entity comes

to a 'final, definitive position regarding how it will apply the regulations at issue to the particular land in question.'" (*Id.* citing *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 191 (1985). In granting Defendant's motion to dismiss, the Court found that "it is not possible to determine from the face of Complaint that Plaintiffs have obtained a final determination from the City prior to bringing their claims." (*Id.*)

This Court declines to revisit an issue on which there has been a previous ruling, and for the reasons articulated by the Court in *Stathoulis*, the Court **GRANTS** Defendants' motion to dismiss the procedural due process and equal protection claims under §1983.

### B. Plaintiffs Fail to Allege Facts Sufficient to Support Their Claims for Free Speech and Right to Assemble

In addition to the due process violation and equal protection violation claims, the first cause of action also alleges that Defendants "intentionally and under color of law, violated Plaintiffs rights of free speech and free assembly as guaranteed by the U.S. Constitution . . . as well as those same rights of speech and assembly as guaranteed to Plaintiffs' employees and patrons." (SAC ¶ 25.) Beyond these conclusory allegations, however, Plaintiffs have failed to allege sufficient facts to support their claims. These bare assertions are insufficient to survive a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949 (The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.")

Accordingly, the first cause of action for civil rights violations against the City, Blumenthal, and Livas and third cause of action for conspiracy to violate civil rights against the City, Livas, Blumenthal, Louder, and JKBBD are hereby DISMISSED WITH PREJUDICE.[4]

### C. Remaining State Law Causes of Action

---

[4] Recognizing that Plaintiffs have had many opportunities to allege civil rights violations against Defendants (twice in this case as well as once in *Stathoulis et al. v. City of Downey.*, Case No. 2:10-cv-07547-RGK-AGRx) and still fail to state a claim for relief on the causes of action dismissed by this Order, the Court finds that amendment would be futile. *Livid Holdings Lts. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946(9th Cir. 2005)(finding denial of leave to amend improper unless no amendment could save the complaint); *Miller v. Yokohama Yire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)(explaining that the court's discretion to deny leave to amend is decidedly broader where the plaintiff has previously filed an amended complaint).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00577-JHN -AGRx | Date | February 24, 2011 |
|---|---|---|---|
| Title | Joanne Stathoulis et al v. City of Downey et al | | |

Plaintiffs only remaining causes of action are allegations of violation of state law: violation of civil rights under the California Constitution, inverse condemnation, intentional interference with prospective economic advantage, intentional infliction of emotional distress, and negligent infliction of emotional distress. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). The Supreme Court has pointed out that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *see also, Aranda v. Meyers*, NO. 08-17600, 2010 WL 763952, at *1 (9th. Cir. Mar 08, 2010) (Table) ("The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims after properly dismissing the federal claims"); *Williby v. Woodford*, NO. 08-17449, 2009 WL 4884316, at *1 (9th Cir. Dec 14, 2009) (Table) (same); *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002) (same). Furthermore, the "primary responsibility for developing and applying state law rests with the state courts." *Keen v. Am. Home Mortgage Servicing, Inc*., No. S-09-1026 FCD/KJM, 2010 WL 624306, at *1 (E.D. Cal. Feb. 18, 2010). For these reasons, the Court hereby REMANDS the state law causes of action to the Los Angeles Superior Court.

### D. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (docket no. 7) and dismisses the civil rights causes of action with prejudice. The case is hereby REMANDED to the Los Angeles Superior Court on the remaining state law claims.

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |